James R. YOCOM, Commissioner, etc., et al., Appellants,

v.

Willie PRICHARD et al., Appellees.

Court of Appeals of Kentucky.

June 6, 1975.

Appellee filed his claim for compensation twenty-two months after his last exposure to the hazards of the disease; twenty-two months after he had experienced prolonged shortness of breath, smothering and a chronic cough; and twenty-two months after he had been advised by a physician that he had contracted silicosis.

The Workmen's Compensation Board denied his claim on the basis of KRS 342.-316(3) which bars a claim for compensation for occupational disease unless it is filed within one year after the last injurious exposure or within one year after the employee first experiences a distinct manifestation of occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever event shall last occur.

On appeal to circuit court, a judgment was entered remanding the case to the Workmen's Compensation Board for a finding of fact as to the date when appellee became aware that he was suffering from a disability caused by occupational disease. The Special Fund has appealed.

Thomas L. Ferreri, Louisville, Earl M. Cornett, Gen. Counsel, Dept. of Labor, Frankfort, for appellants.

John E. Anderson, Jr., Earl L. Cole, Cole, Cole & Anderson, Barbourville, J. Keller Whitaker, Director, Workmen's Compensation Bd., Frankfort, for appellees.

VANCE, Commissioner.

Appellee, Willie Prichard, filed a claim for Workmen's Compensation on January 23, 1973, alleging that he became affected with the disease of pneumoconiosis on March 27, 1971. He ceased working on that date because he was "not able to do the work." He was examined by a physician in March 1971 who discovered that he suffered from silicosis and advised him at that time not to return to the mines.

We conclude that it was error to remand the case to the board for further fact-finding. The board found that the claim was not filed within the time limits prescribed by KRS 342.316(3). The evidence plainly shows this finding to be correct.

It is true of course that appellee could not file a claim until he suffered a disability. In this case plaintiff claimed a disability commencing March 27, 1971. His own testimony and his medical testimony supports his contention that he was disabled at that time. He was informed by his physician that he had contracted silicosis in March 1971.

The findings of the board are not clearly erroneous. They support the dismissal of the claim and no further findings are necessary.

The judgment is reversed with direction to enter a new judgment upholding the order of the Workmen's Compensation Board dismissing the claim.

All concur.